## SERCARZ & RIOPELLE, LLP
810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019
(212) 586-4900
FACSIMILE (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

*ADMITTED IN NY & NJ

December 14, 2020

**BY ECF**

Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>United States v. Auerbach,</u>
19 Cr. 607 (PKC)

Dear Judge Chen:

    I write to provide the Court with exhibits the defendant may rely on at the <u>Fatico</u> hearing this Friday.  These items are numbered JA-1 through JA-12, and most of them were provided to the Probation Department, the government and the Court in Exhibit C to Mr. Auerbach's Sentencing Memorandum.  For the Court's and the government's information, this letter provides a brief explanation of relevance for the exhibits.

    <u>JA-1, JA-1</u>

    These are the press release announcing Mr. St. Julien's arrest, and the SEC Complaint charging Mr. St. Julien and others with violations of the securities laws.  I may show these to the witness to refresh his recollection about the timing of his arrest and the lawsuit, or as to facts stated in the Complaint.  I don't really anticipate offering these in evidence, but I could see asking the Court to take notice of some aspect of the SEC filing if that becomes an issue.

    <u>JA-3, JA-4 through JA-6</u>

    These are Mr. Auerbach's first contract with Mr. St. Julien and his company, to provide legitimate corporate services to Mr. Auerbach's company, Forcefield Energy, as well as emails between Mr. Auerbach and Mr. Julien demonstrating that Mr. Auerbach provided services to Forcefield Energy consistent with the contract marked JA-3.

1

<u>JA-7, JA-8 through JA-10</u>

These are a second contract between Forcefield and Mr. Auerbach for additional legitimate corporate services, and a second group of emails demonstrating additional services provided by Mr. Auerbach in connection with the second contract marked JA-7.

<u>JA-11 and 12</u>

These are bank account records for the account into which Mr. St. Julien wire-transferred funds to pay Mr. Auerbach for his services to Forcefield Energy. These records indicate that the account is in the name "Hillary Auerbach" at Mr. Auerbach's home address. These records also show that the funds transferred to Mr. Auerbach's wife were not used to pay brokers in cash or for some other illicit purpose. The funds transferred to Ms. Auerbach were used to pay the family's bills.

Finally, the government's letter of December 9, 2020 appears to indicate that it will solicit from Mr. St. Julien testimony "that the defendant was aware of … the Forcefield securities fraud scheme" and that "he believed that the defendant … was receiving a portion of the payments that St. Julien made to CC-1 [Jared Mitchell] for the defendant's assistance in the fraudulent scheme." While Mr. St. Julien is welcome to testify to what he saw and heard, his "belief" as to what Mr. Mitchell did with the funds sent to Mr. Mitchell is irrelevant. And unless Mr. St. Julien can demonstrate an ability to read minds, he is not competent to testify to what Mr. Auerbach was "aware of," although he can testify to what he, Mr. St. Julien, saw and heard when he was with Mr. Auerbach. FRE 602. Although it is true that the Rules of Evidence do not apply strictly in the context of a sentencing hearing (FRE 1101(d)), to the extent the government seeks to offer testimony that is incompetent and improper lay opinion of this sort, the Court should not allow it or consider it. FRE 701; <u>United States v. Kaplan</u>, 490 F.3d 110 (2d Cir. 2007).

Respectfully submitted,

*Roland G. Riopelle*

Roland G. Riopelle

Enc.

cc:   AUSA Mark E. Bini and Hiral Mehta (by ECF and Email)