UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

UNITED STATES OF AMERICA             **MEMORANDUM & ORDER**
                                     19-CR-607 (PKC)
- against –

JEFFREY AUERBACH,

                Defendant.
----------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Pending before the Court is Defendant Jeffrey Auerbach's motion for early termination of his supervised release. (Dkt. 80.) For the reasons that follow, that application is denied.

**I.     Legal Standard**

Pursuant to 18 U.S.C. § 3564(c), the Court is authorized to terminate the remainder of a defendant's term of supervised release, "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation," 18 U.S.C. § 3564(c), "where a defendant has served at least one year of his supervised release and his conduct and the interests of justice so require[.]" *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (noting that a defendant's "exceptionally good behavior" could justify reduction of a supervised release term). The defendant bears the burden of proving that he is eligible for early termination of supervised release under Section 3583(e)(1). *See United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) ("To be eligible for termination of supervised release under 18 U.S.C. § 3583(e)(1), a defendant must establish that the termination is warranted by (1) the conduct of the defendant and (2) the interest of justice.") (internal quotation marks omitted).

Early termination is "not warranted as a matter of course; on the contrary, it is only 'occasionally' justified." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)

(quoting *Lussier*, 104 F.3d at 36); *see also United States v. Fenza*, No. 03-CR-921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) (reiterating that early termination "is not warranted as a matter of course").  As the Second Circuit explained in *Lussier*:

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances.  Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).  In such cases, the court may invoke either subsection (1), which "works to the advantage of the defendant," or subsection (2), which "can be employed either to the defendant's advantage or his disadvantage," . . . to discharge the defendant from supervised release, to modify and make less demanding the conditions of release, or to reduce the length of the term of release.

104 F.3d at 36 (citations omitted).

It is well established that mere compliance with the terms of supervised release and the law is insufficient to justify termination.  *See, e.g., United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("[F]ull compliance with the terms of supervised release is what is expected of [the defendant] . . . and does not warrant early termination[,]" noting that termination is not necessarily justified "where a defendant did nothing more than that which he was required to do by law." (citations omitted)); *United States v. Weiss*, No. 21-CR-457 (PMH), 2022 WL 3214914, at *3 (S.D.N.Y. Aug. 9, 2022) (denying insurance fraud defendant's motion for early termination of his term of supervised release despite defendant's good behavior and re-integration); *United States v. Stein*, No. 09-CR-377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020) ("Exceptionally good behavior is not established by mere compliance with the terms of supervised release.").

In deciding whether to grant early termination of supervised release, the Court also must consider the "factors set forth in 18 U.S.C. 3553(a) to the extent that they are applicable."  18 U.S.C. § 3564(c); *see also* 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) [. . .] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, [. . .] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]").

**II.     Defendant Has Failed to Demonstrate That Early Termination is Warranted**

In seeking early termination of his supervised release, Defendant relies solely on the fact that he has "been fully compliant with the terms of his supervised release" and thus has been a "model releasee" for the first 25 months of his three-year supervised release term.  (Dkt. 80, at 1–2.)  Even accepting Defendant's self-characterization as a "model releasee," this fact simply does not justify early termination.  As the Honorable Jed Rakoff noted in *United States v. Gonzales*, if being a "model probationer" and "present[ing] a low risk of recidivism, . . . standing alone, were sufficient to grant early termination, . . . 'the exception would swallow the rule.'"  No. 94-CR-134 (JSR), 2015 WL 4940607, at *1 (quoting *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y.1998)); *see also McKay*, 352 F. Supp. 2d at 361 (finding that "[w]hile [defendant's] behavior in prison and on supervised release is laudable, it is not so unusual as to merit early termination.").

The Court has considered the relevant Section 3553(a) sentencing factors – none of which Defendant discusses in his application – and finds that no factor justifies the relief he seeks.  As the Second Circuit has explained, "[i]n imposing a term of supervised release, the district court is required to consider, among other factors, 'the nature and circumstances of the offense and the

3

history and characteristics of the defendant,' 18 U.S.C. § 3553(a)(1); the need for the sentence imposed to 'protect the public from further crimes of the defendant' . . . , 18 U.S.C. § 3553(a)(2)(C)-(D); 'the applicable guidelines or policy statements issued by the Sentencing Commission,' 18 U.S.C. § 3553(a)(4)(B); and 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,' 18 U.S.C. § 3553(a)(6)." *United States v. Brooks*, 889 F.3d 95, 99 (2d Cir. 2018) (noting that "[b]ecause 'supervised release is not, fundamentally, part of the punishment,' . . . the omission of the § 3553(a)(2)(A) factors accords with the purpose of supervised release, which is to 'fulfill[] rehabilitative ends, distinct from those served by incarceration'") (quotations and citations omitted)).

The Court finds that, despite Defendant's compliance with the terms of his supervised release, all of these factors, as well as the need for the sentence to "afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B), continue to justify the three-year term of supervised release imposed in this matter. With respect to deterrence, the Court emphasizes that the sentence imposed in this case, including the three-year term of supervised release, is necessary to ensure that Defendant and others who would engage in fraudulent conduct understand they are not above the law, and that the criminal justice system applies to them just as it applies to anyone else who commits a crime. Additionally, this term of supervised release will ensure that Defendant will face serious consequences if he re-offends and will demonstrate to others that there are serious consequences for recidivism with this kind of crime.

## CONCLUSION

Accordingly, Defendant's request for early termination of supervised release is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 18, 2023
Brooklyn, New York